**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| JEFFREY DEGREE, #308714, ) | |
| ) | CIVIL ACTION NO. 3:08-2251-CMC-JRM |
| Petitioner, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| STATE; ) | |
| WARDEN BAZZLE, ) | |
| Respondents. ) | |

Petitioner, Jeffrey Degree ("Degree"), is an inmate with the South Carolina Department of Corrections, serving concurrent sentences of twenty-five (25) years imprisonment for kidnapping and criminal sexual conduct in the first degree. On June 17, 2008, Degree filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondents filed a motion for summary judgment on August 25, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on August 27, 2008. Degree filed his response and cross motion for summary judgment on October 6, 2008.

**Background and Procedural History**

On or about August 3, 2004, in Charleston County, Degree entered the residence of a young lady and raped her. Degree became a suspect of the investigation and the victim identified him through a photographic lineup. He was arrested and charged with kidnapping, criminal sexual conduct in the first degree, and burglary in the first degree.

1

The case was called for trial on April 19, 2005. Degree was represented by Thomas Shealy, Esquire. After the jury was selected, opening statements were made by the attorneys, and testimony began, Degree entered a negotiated plea which included dismissal of the burglary indictment.

A notice of appeal was filed. (Res.Mem., Ex. 3). Degree decided not to follow through with the appeal so he could proceed with a collateral attack. (Res.Mem., Ex. 4). The appeal was dismissed. (Res.Mem., Ex. 5).

Degree filed an application for post conviction relief ("PCR")[1] on September 29, 2005. (App. 129).[2] An evidentiary hearing was held on June 20, 2006. Degree was represented by Molly R. Crum, Esquire. (App. 145). The PCR court issued an order of dismissal on August 29, 2006. (App. 180).

A notice of appeal was filed. (Res.Mem., Ex. 9). A Johnson[3] petition for writ of certiorari was filed by the South Carolina Office of Appellate Defense rasing the following issue:

Whether petitioner's guilty plea was entered knowingly and intelligently?

(Res.Mem., Ex. 10).

Degree filed a *pro se* brief under the Johnson procedure. (Res.Mem., Ex. 11). The PCR appeal was referred to the South Carolina Court of Appeals. (Res.Mem., Ex. 12). The petition was denied on May 27, 2008. (Res.Mem., Ex. 13). The Remittitur was returned on June 12, 2008. (Res.Mem., Ex. 14).

---

[1] Degree filed an earlier PCR, but it was dismissed because his direct appeal was pending at the time. (Res.Mem., Ex. 6-8).

[2] Exhibit 1 to Respondents' Memorandum is the appendix prepared in connection with the appeal from the dismissal of this PCR. It is referred to as "App. ___" herein.

[3] Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (S.C. 1988).

**Grounds for Relief**

In his present petition, Degree asserts that he is entitled to a writ of habeas corpus on the following grounds:

**Ground One:** Ineffective Assistance of Counsel, Sixth Amendment Violation

(a) Counsel failed to conduct pretrial investigation and discovery

(b) Counsel failed to advise me of the consequences of my plea

(c) Counsel failed to protect my right to preliminary [sic] and jury trial

**Ground Two:** Due Process and Equal Protection Violation under Fourteenth Amendment

Unknowing and Involuntary Guilty Plea in that I was not advised of the consequences of my plea. Indictment was invalid and court lacked jurisdiction. [sic] Also False [sic] information in indictment, and [sic] warrant.

**Discussion**

Degree asserts that his trial counsel was ineffective in three respects and that counsel's errors rendered his pleas of guilty involuntary. Respondents assert that Grounds 1(b) and (c) above are procedurally barred and that Degree is not entitled to habeas relief on any of his claims.

**A. Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

    **1. Exhaustion**

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254,

3

which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. See O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. See, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[4] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim], the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the

---

[4]In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. See Rose v. Lundy, supra.

### 2. Procedural Bypass[5]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality

---

[5]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

6

> of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, supra, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); see also Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3.     Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocense.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), cert. denied, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), cert. denied, 485 U.S. 1000 (1988). A petitioner must show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054 (2000). Additionally, a petitioner must show an

8

actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocense" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocense. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocense as to his guilt, Id., or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5.     Procedure

Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. at 165-66. It is petitioner's burden to raise cause and prejudice or actual innocense. If not raised by petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

After denial of the PCR, appellate counsel filed a Johnson petition for writ of certiorari[6] with the South Carolina Supreme Court. In Johnson v. State, 294 S.C. 310, 364 S.E.2d 201 (1988), the South Carolina Supreme Court adopted a procedure for appeal where appellate counsel concludes that the PCR applicant has no meritorious grounds to present. Counsel is required to file the Johnson petition raising any issue which is arguably appealable and requesting leave to withdraw as attorney for the petitioner on appeal. A copy of the brief is furnished to the applicant and he is notified that he has a specific period of time to furnish further information to the Supreme Court for consideration in making a determination as to the Johnson petition. The applicant may file a pro se brief raising

---

[6] All appeals from the denial of a PCR application are made by seeking a writ of certiorari from the South Carolina Supreme Court. See SCACR 227.

additional issues. Foster v. State, 298 S.C. 306, 379 S.E.2d 907 (1989). In ruling on a Johnson petition for writ of certiorari, the South Carolina Supreme Court necessarily considers the issue or issues raised in the Johnson petition and any issues raised by the applicant in his pro se brief. Further, the South Carolina Supreme Court conducts a review of the record when a Johnson petition is filed. King v. State, 308 S.C. 348, 417 S.E.2d 868 (1992). In so doing, the South Carolina Supreme Court will only consider those issues raised by the PCR application upon which evidence was presented **and** were ruled on by the PCR court. The South Carolina Supreme Court applies a procedural bar to issues which do not meet this criteria. Under South Carolina law, the PCR court is required to make specific findings of fact and conclusions of law as to each issue raised in the PCR. See S.C. Code Ann. § 17-27-80 and Rule 52(a) SCRCP. Bryson v. State, 328 S.C. 236, 493 S.E.2d 500 (1997). Counsel is required to object to any deficiencies in the order of the PCR court. McCullough v. State, 320 S.C. 270, 464 S.E.2d 340 (1995). This duty falls on the PCR applicant if not raised by counsel in the Johnson petition. See Pruitt v. State, 310 S.C. 254, 423 S.E.2d 127, 128 n.2 (1992) ("the general rule [is] that issues must be raised to, and ruled on by, the post-conviction judge to be preserved for appellate review."). See also, Padgett v. State, 324 S.C. 22, 484 S.E.2d 101 (1997) (issues not ruled on by PCR court are not preserved for appeal). Thus, when considering a Johnson petition, the South Carolina Supreme Court considers only those issues raised by the Johnson petition, raised in any pro se brief or petition filed by the applicant, and those issues specifically ruled on by the PCR court.

Grounds of ineffective assistance of counsel relating to failure to advise of consequences of the guilty plea (Ground 1(a)) and to protect the right to a preliminary examination (Ground 1(b)) are procedurally barred. Ground 1(b) was raised in Degree's PCR, but Ground 1(a) was not. Neither

10

ground was addressed by the PCR court, raised in the <u>Johnson</u> petition, nor presented in Degree's *pro se* filings with the South Carolina Supreme Court. Degree did not respond to Respondents' procedural bar arguments or attempt to establish cause and prejudice.

### B. Ineffective Assistance of Counsel

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970). In the case of <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." <u>Turner v. Bass</u>, 753 F.2d 342, 348 (4th Cir. 1985) quoting <u>Strickland</u>, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. <u>Strickland</u> requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court

>must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

At the PCR stage Degree asserted that counsel was ineffective because he failed to survey the victim's neighbors to show that he did not argue with the victim supporting his contention that the sex was consensual. However, no testimony was presented from any neighbor. Degree also argued that counsel failed to investigate the DNA evidence. The PCR court found credible counsel's testimony that DNA from a beer can matched Degree and an unknown individual and that only Degree's DNA was found on the victim.[7] (App. 184).[8] Degree has not shown that further DNA investigation would have shown differently.

The undersigned concludes that Degree has not shown that he would not have pled guilty if his attorney had talked with neighbors or sought other DNA evidence.

### C. Involuntary Guilty Plea

Degree argues that his guilty plea was involuntary because he was not advised of the consequences of his plea and that an irregularity in his indictment deprived the trial court of jurisdiction. As noted above, Degree's claim that his attorney was ineffective because he failed to advise him of the consequences of his guilty plea is procedurally barred. The undersigned notes that the record shows that the trial court thoroughly advised Degree of the consequences of his plea during the change of plea colloquy. (App. 60-64 and 110-117).

Degree argues on several theories that his plea to criminal sexual conduct was invalid because

---

[7]See DNA analysis reports (App. 176-178) which supports this testimony.

[8]Counsel noted that he was prepared to challenge the accuracy of all DNA analysis because the victim admitted to having sex with her boyfriend earlier, but his DNA was not detected. (App. 184).

13

the indictment stated an erroneous code section with respect to that charge. A copy of the indictment for criminal sexual conduct (Res.Mem., Ex. 2) shows that it was titled "Criminal Sexual Conduct, First Degree" and that the body of the indictment tracks the language for the statute for that crime, i.e., S.C.Code Ann. § 16-3-652. However, as Degree correctly argues, the indictment does not cite that section, but instead cites in two places S.C.Code Ann. § 16-3-655 which makes criminal sexual conduct with minors a crime.[9]

The due process clause of the United States Constitution requires only that a defendant be given sufficient notice of the charges prior to trial. Cole v. Arkansas, 333 U.S. 196 (1948). It does not require a formal arraignment. It is clear that the requirement of Grand Jury indictment contained in the Fifth Amendment to the United States Constitution does not apply to the states. Wilson v. Lindler, 8 F.3d 173, 174 (4th Cir. 1993) (en banc), *cert. denied*, 510 U.S. 1131 (1994) and U.S. v. Floresca, 38 F.3d 706, 709 n.5 (4th Cir. 1994). This rule allows states to prosecute felony cases by information as opposed to grand jury indictment. Hurtado v. California, 110 U.S. 516, 538 (1884); Wilkerson v. Whitley, 28 F.3d 498, 502-3 (4th Cir. 1994) (en banc); and Minner v. Kerby, 30 F.3d 1311, 1317-18 (10th Cir. 1994). Under South Carolina law, "(t)he indictment is a notice document." State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (S.C. 2005) (drawing a distinction between sufficiency of indictment and subject matter jurisdiction).

Trial counsel testified at the PCR hearing that he did not notice the error but was on notice and sufficiently aware that Degree was charged with first degree criminal sexual conduct, and not criminal sexual conduct with a minor. The PCR court's conclusion that Degree had sufficient notice of the charge is fully supported by the record.

---

[9]The arrest warrant makes the same mistake. (Res.Mem., Ex. 2).

## Conclusion

Based on a review of the record, it is recommended that Respondents' motion for summary judgment be **granted** and Petitioner's cross-motion for summary judgment be **denied**.



Joseph R. McCrorey  
United States Magistrate Judge

January 9, 2009  
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).